IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SANDI PHILLIPS AND RONALD J. PHILLIPS, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 3:06-CV-00744-SRW |
| ST. PAUL TRAVELERS INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

**COMES NOW** Defendant Travelers Commercial Insurance, incorrectly identified in the Plaintiffs' Complaint as "St. Paul Travelers Insurance Company," ("Travelers") and answers the Plaintiffs' Complaint as follows:

1.      Defendant Travelers is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Plaintiffs' Complaint; therefore, Defendant Travelers denies the allegations contained in Paragraph 1 and demands strict proof thereof.

2.      Defendant Travelers is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Plaintiffs' Complaint; therefore, Defendant Travelers denies the allegations contained in Paragraph 2 and demands strict proof thereof.

3.      Defendant Travelers is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Plaintiffs' Complaint; therefore, Defendant Travelers denies the allegations contained in Paragraph 3 and demands strict proof thereof.

4.      Defendant Travelers denies the allegations contained in Paragraph 4 of the Plaintiffs'

Complaint and demand strict proof thereof.

     5.     Defendant Travelers admits that it issued a policy of insurance to the Plaintiffs bearing policy number 976974840 1011, which is a written document, the terms, provisions, and conditions of which speak for themselves. Defendant Travelers denies the remaining allegations contained in Paragraph 5 and demands strict proof thereof.

     6.     Upon information and belief, Defendant Travelers admits that the Plaintiffs settled with Alfa Insurance in the amount of $25,000. Defendant Travelers denies the remaining allegations contained in Paragraph 6 of the Plaintiffs' Complaint and demands strict proof thereof.

     7.     Defendant Travelers denies the allegations contained in Paragraph 7 of the Plaintiffs' Complaint and demands strict proof thereof.

     8.     Defendant Travelers denies the allegations contained in Paragraph 8 of the Plaintiffs' Complaint and demands strict proof thereof.

     Defendant Travelers denies the prayer for relief set forth in the unnumbered paragraph following Paragraph 8 of the Plaintiffs' Complaint and demands strict proof thereof.

## FIRST DEFENSE

     The Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

## SECOND DEFENSE

     Service of process on this Defendant was improper and invalid.

## THIRD DEFENSE

     This Defendant denies each and every material allegation of the Complaint, and demands strict proof thereof.

2

## FOURTH DEFENSE

This Defendant denies that it has breached any contract with the Plaintiffs.

## FIFTH DEFENSE

This Defendant contests the amount of damages sought, and demands strict proof thereof.

## SIXTH DEFENSE

This Defendant asserts the affirmative defense of estoppel.

## SEVENTH DEFENSE

There is no causal connection between the allegations against this Defendant and the injuries and damages alleged in the Plaintiffs' Complaint.

## EIGHTH DEFENSE

This Defendant specifically denies that it is liable to the Plaintiffs for compensatory or punitive damages, and demands strict proof thereof.

## NINTH DEFENSE

This Defendant asserts the affirmative defense of laches.

## TENTH DEFENSE

As to each and every material allegations of the Plaintiffs' Complaint, this Defendant pleads not guilty.

## ELEVENTH DEFENSE

This Defendant asserts the affirmative defense of waiver.

## TWELFTH DEFENSE

This Defendant asserts that the Plaintiffs' cause of action is barred by the doctrine of res judicata.

## THIRTEENTH DEFENSE

This Defendant asserts that the Plaintiffs' cause of action is barred by the applicable statute of limitations.

## FOURTEENTH DEFENSE

This Defendant asserts that the Plaintiffs are not entitled to the damages alleged in the Complaint as they breached their duty under the law to mitigate any damages suffered.

## FIFTHTEENTH DEFENSE

This Defendant asserts that the Plaintiffs' cause of action is barred by the doctrine of failure of consideration.

## SIXTEENTH DEFENSE

This Defendant asserts that the Plaintiffs' cause of action is barred by the doctrine of unclean hands.

## SEVENTEENTH DEFENSE

This Defendant asserts that the Plaintiffs' cause of action is barred by the doctrine of contributory negligence.

## EIGHTEENTH DEFENSE

On the occasion made the basis of the Plaintiffs' Complaint, the acts and activities of a third party were an intervening efficient cause between any acts and activities done by this Defendant, and the acts and activities of said third party were the sole and proximate cause of the alleged injuries and damages or, in the alternative, the acts and activities of said third party combined and concurred with the acts and activities of the Plaintiffs to cause and contribute to the alleged injuries and damages.

4

## NINETEENTH DEFENSE

To the extent that the Plaintiffs claim entitlement to insurance proceeds from this Defendant, the Plaintiffs have failed to meet the conditions precedent under the policy and/or the losses are excluded under the policy.

## TWENTIETH DEFENSE

This Defendant asserts that Section 32-7-23, Ala. Code 1975, applies to this action to limit any award of to the plaintiff.

## TWENTY-FIRST DEFENSE

The Defendant pleads the defense of set-off.

Respectfully submitted,

 s/Joel S. Isenberg
Brenen G. Ely, 0366-E54B
Joel S. Isenberg, 8855-N76J
Attorneys for Defendant Travelers Commercial Insurance incorrectly identified in Plaintiffs' Complaint as "St. Paul Travelers Insurance Company"

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
Phone: (205) 802-2214
Fax: (205) 879-4445

5

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| _____ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| ___X___ | E-File |

on this the 25th day of August, 2006.

s/Joel S. Isenberg
OF COUNSEL

cc:
James R. McKoon, Jr.
McKoon & Thomas
Post Office Box 3220
Phenix City, Alabama 36868-3220

6