IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **SANDI PHILLIPS AND RONALD J. PHILLIPS,** | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. |
| v. | § § | 3:06-CV-00744-SRW |
| **ST. PAUL TRAVELERS INSURANCE COMPANY,** | § § § | |
| Defendant. | § § | |

## JOINT MOTION FOR PROTECTIVE ORDER

COME NOW Plaintiffs Sandi Phillips and Ronald J. Phillips and Defendant Travelers Commercial Insurance, incorrectly identified in Plaintiffs' Complaint as "St. Paul Travelers Insurance Company," and respectfully move this Honorable Court for a Protective Order governing the production of certain documents and things in the above-styled matter. As grounds for this Joint Motion, the parties state as follows:

1. Defendant Travelers wishes to produce certain documents in response to Plaintiffs' requests for production of documents. However, the documents to be produced contain confidential, proprietary information, the general release of which would cause an undue burden and harm to Defendant Travelers.

2. Attached hereto is a proposed Protective Order that, if entered by the Court, would protect the confidentiality of the information contained in the documents to be produced by Defendant Travelers.

**WHEREFORE, PREMISES CONSIDERED,** the parties respectfully and jointly request that this Honorable Court enter the attached Protective Order.

Respectfully submitted,

 /s/ James R. McKoon[1]
James R. McKoon, Jr.
Attorney for Plaintiffs Sandi Phillips and Ronald J. Phillips

**OF COUNSEL:**
McKOON, THOMAS & McKOON
Post Office Box 3220
Phenix City, Alabama 36868-3220
Telephone:     (334) 297-2300
Facsimile:       (334) 297-2777

 /s/ Candace L. Hudson
Brenen G. Ely (0366-E54B)
Joel S. Isenberg (8855-N76J)
Candace L. Hudson (8314-N66H)
Attorneys for Defendant Travelers Commercial Insurance incorrectly identified in Plaintiffs' Complaint as "St. Paul Travelers Insurance Company"

**OF COUNSEL:**
ELY & ISENBERG, LLC
600 Beacon Parkway West, Suite 104
Birmingham, AL 35209
Telephone:     (205) 313-1200
Facsimile:       (205) 313-1201

---

[1] Electronic signature affixed pursuant to express request and with express permission of James R. McKoon, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **SANDI PHILLIPS AND RONALD J. PHILLIPS,** | § § § | |
| **Plaintiffs,** | § § | **Civil Action No.** |
| v. | § § | **3:06-CV-00744-SRW** |
| **ST. PAUL TRAVELERS INSURANCE COMPANY,** | § § § | |
| **Defendant.** | § | |

**PROTECTIVE ORDER**

Upon consideration of the parties' Joint Motion for Protective Order, pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, this Court hereby ORDERS:

**I.    Designation of Documents and Information.**

    A.    Any party to this lawsuit that produces documents or information in this litigation ("Producing Party") may designate any document or information produced or disclosed as "CONFIDENTIAL."

    B.    The provisions of this Order extend to all designated "Confidential Information," regardless of the manner in which it is disclosed, including, but not limited to, documents, electronic media, initial disclosures, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any other discovery materials produced in connection with this litigation.  Documents shall be subject to this Order if they have been designated clearly on each page of the document as "CONFIDENTIAL."  Discovery responses, pleadings, affidavits, deposition transcripts, deposition exhibits or any other discovery materials shall be subject to the provisions of this Order if they have been designated clearly on their face as "CONFIDENTIAL."

C. Notwithstanding any other provision of this Order or any other time limit specified herein, the producing party may specify all or any portion of a deposition or hearing transcript to be "CONFIDENTIAL" by doing so in a separate written document delivered to counsel for all other parties within 30 days after receipt of the transcript at issue.

II. **Disclosure and Use of Confidential Information.**

A. Documents and/or information designated as "CONFIDENTIAL" may only be disclosed to and used by:

    (1) The parties to this litigation and their employees and agents;

    (2) Counsel for the parties to this litigation;

    (3) Secretaries, paralegals, legal assistants, all other employees of such counsel, third-party vendors, and anyone else assisting such counsel in the prosecution and/or defense of this suit;

    (4) Witnesses at any hearing or deposition in this case;

    (5) Consulting or testifying experts in this case;

    (6) The United States District Court for the Middle District of Alabama, and any Court of appellate jurisdiction, as well as Court personnel, including stenographic reporters involved in this case.

B. Nothing in this Order shall prevent a Producing Party from using or disclosing its own documents or information as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

C. Nothing contained in this Order shall be construed to prejudice any party's right to use at a deposition or in any pre-trial hearing before the Court any Confidential Information.

Nothing in this Order shall be deemed or construed to be a waiver by the Producing Party of its right to object on any grounds to the use of any Confidential Information, or any portions thereof, or to seek protection from the Court to prevent Confidential Information from being disclosed to the public.

**III.     Litigation Use Only.**

A. All "Confidential" materials, and all information contained in them or derived from them, shall be used solely for the preparation and trial of this litigation (including any appeals and retrials), and shall not be used for any other purpose, including personal, business, governmental or commercial, or in any other administrative, arbitration, or judicial proceedings or actions.

B. Any and all copies of any designated "Confidential" information or documents shall be either returned to the Producing Party's counsel or destroyed at the termination of this litigation.

**IV.     Waiver of Confidential Information.**

A. The inadvertent or unintentional failure to properly designate Confidential Information by the Producing Party shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific document or information disclosed or as to any other documents or information relating thereto. Upon the Producing Party's discovery that a document or information was not correctly designated, the Producing Party shall provide notice to the other parties that the document or information was inappropriately designated. The Producing Party shall then have seven (7) business days in which to redesignate and produce the properly-designated document or information. During the seven days after notice, the document or information shall be treated as Confidential Information.

B.    Production of documents or information for the purpose of inspection and copying shall not constitute a waiver of confidentiality. If documents or information produced for purposes of inspection and copying have not been designated prior to inspection, the Producing Party shall advise the inspecting party that the documents or information should be treated as Confidential Information until such time as the Producing Party produces properly designated copies of the documents or information.

V.    **Challenge to Designation.**

If any party desires that any material designated as Confidential be re-designated, counsel for the party desiring re-designation shall notify counsel for the Producing Party beforehand to determine if there are any objections to re-designation. If objections are raised, counsel for the party seeking re-designation may request a ruling from the Court that such matter be re-designated. All matters as to which re-designation is sought shall be treated as protected by this Order until the Court has ruled otherwise.

VI.    **Effect of this Order on Third-parties.**

No person authorized under the terms of this Protective Order to receive access to Confidential Information shall be granted access to such materials unless and until such person has read this Protective Order and agreed to be bound by it.

VII.    **Trial.**

Nothing herein shall govern the procedures to be used at trial, which shall be governed by the Federal Rules of Evidence and the procedures implemented by Court immediately preceding the commencement of trial.

**VIII. Notice of Breach.**

It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Protective Order by any person, to promptly notify counsel for the opposing and producing parties of such breach or threatened breach.

**IX. Interim Protection.**

Confidential Information produced by any party or non-party through discovery in this suit prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if this Protective Order had previously been entered by the Court, unless the Court directs otherwise.

DONE on this the _____ day of _____, 2007.

_____
Honorable Susan Russ Walker
United States Magistrate Judge

cc: James R. McKoon, Jr.
McKoon & Thomas
Post Office Box 3220
Phenix City, Alabama 36868-3220

Brenen G. Ely
Joel S. Isenberg
Candace L. Hudson
ELY & ISENBERG, LLC
600 Beacon Parkway West, Suite 104
Birmingham, AL 35209